IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

VEDA RENEE SHOEMAKE,

            Plaintiff,

  vs.                           **Case No. 10-2514-RDR**

MASSAGE ENVY,

            Defendant.

---

**MEMORANDUM AND ORDER**

This is a _pro se_ employment discrimination action which is before the court upon a motion to dismiss. _Pro se_ pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If plaintiff's complaint can be reasonably read to state a valid claim on which she could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements. Id. However, it is not "the proper function of the district court to assume the role of advocate for the _pro se_ litigant." Id.

The complaint names "Massage Envy - Deer Creek Woods" as defendant. The complaint alleges that plaintiff worked for defendant for two and one-half years and that plaintiff was discriminated against, harassed and terminated from that employment for racial reasons. Summons was issued and served upon "Massage Envy" at Deer Creek Woods, 13344 Metcalf, Overland Park, Kansas

66213.

The motion to dismiss now before the court is filed by counsel on behalf of "McCormick, Summers & Talarico, LLC," a Kansas limited liability company.  An affidavit filed with the motion to dismiss states that there is no official business entity known as "Massage Envy" and that plaintiff was actually employed by the limited liability company.  The motion requests that plaintiff's complaint be dismissed with prejudice.  Plaintiff has asked for leave to amend the complaint.  She has supported her request with materials substantiating a good faith belief that the employer she worked for was named "Massage Envy."

We agree that plaintiff has misidentified defendant.  However, McCormick, Summers & Talarico, LLC does not claim that it is the wrong party or that it was denied notice of the lawsuit.  Under these circumstances it is appropriate to permit a plaintiff to amend the complaint to properly name the defendant.  As stated in 4B Wright & Miller, Federal Practice & Procedure § 1131 at p. 290 (2002):

> The most common occasion for amendment [of summons and proof of service] is when the plaintiff has made a simple mistake or a technical error that results in a failure to identify the defendant properly, such as when a corporation is not denominated by its registered name or the defendant's name is misspelled.  When the error goes to form rather than substance . . . and the proper defendant receives the original process, realizes it is directed at him, and thus is put on notice of the commencement of the action, there is no reason why a United States district court should refuse to permit the amendment of either the process or the return of service.

See also, Smith v. Boyer, 442 F.Supp. 62, 63-64 (C.D.N.Y. 1977); Sloan v. Overton, 2010 WL 398108 *5 (D.Kan. 1/25/2010) (incorrectly naming a party in the complaint does not cause a lack of personal jurisdiction).

Applying this practice to the case at bar, the court shall deny the motion to dismiss with prejudice and grant plaintiff leave to file an amended complaint listing the correct defendant in this case. The amended complaint should be filed by December 20, 2010.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2010 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge