IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

VEDA RENEE SHOEMAKE,

                    Plaintiff,

          vs.                              **Case No. 10-2514-RDR**

McCORMICK, SUMMERS &
TALARICO II, LLC

                    Defendant.

_____

<u>MEMORANDUM AND ORDER</u>

This case is before the court upon defendant's motion to dismiss for failure to state a claim, pursuant to FED.R.CIV.P. 12(b)(6).

<u>Allegations in the complaint</u>

Plaintiff's amended complaint alleges that defendant terminated plaintiff's employment on February 12, 2010 after plaintiff had worked for two and one-half years. Plaintiff is African-American. Plaintiff further alleges that during the last year and one-half of her employment she was subjected to a hostile working environment. She asserts that management was aware of this situation and did nothing while she was subjected to contrived disciplinary action based on false allegations of serious misconduct which resulted in "offensive and discriminatory comments [and] illegal surveillance." Doc. No. 13 at p. 3. She alleges that she reported a work-related injury on February 7, 2010 and that when she tried to return to work on February 12, 2010, she was

told that she was discharged without explanation, either to plaintiff or the Department of Labor. Plaintiff asserts that she engaged in protected activity in opposition to discrimination and she claims that this was a factor in her termination. In other words, she claims a retaliatory discharge in addition to claiming termination on the basis of her race. She further notes that in October 2009 she assisted a co-worker in filing an EEOC complaint of discrimination based upon the same actions that were directed at plaintiff.

Rule 12(b)(6) standards

To survive a motion to dismiss made pursuant to FED.R.CIV.P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555, 570 (2007). "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Complaints which are no more than "labels and conclusions" or "a formulaic recitation of the elements of a

2

cause of action" do not satisfy this standard.  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  However, plaintiffs are not required to produce a "heightened fact pleading of specifics."  Twombly, 550 U.S. at 547.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id., quoting Twombly, 550 U.S. at 555.

The court must first determine if the allegations in the complaint are factual and deserve an assumption of truth, or whether the allegations are merely legal conclusions that are not entitled to an assumption of truth.  Then the court must determine whether the factual allegations, assumed true, "plausibly give rise to an entitlement to relief."  Iqbal, 129 S.Ct. at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1949.  The requirement of plausibility not only serves to weed out claims that lack a reasonable prospect of success, it also serves to inform defendants of the actual grounds of the claims against them.  Robbins, 519 F.3d at 1248.  The Twombly Court stated that "[a]sking for plausible grounds . . . does not impose a probability

requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]."  550 U.S. at 556.

Pro se standards

Plaintiff appears pro se.  Therefore, her pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.  Erickson, 551 U.S. at 94; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  If plaintiff's complaint can be reasonably read to state a valid claim on which she could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.  Hall, 935 F.2d at 1110.  The court further notes that the form which the court supplied plaintiff for her amended complaint asks plaintiff to state "as briefly and clearly as possible, the essential facts of your claim."  Doc. No. 13, p. 3.  Thus, the court acknowledges that it has requested plaintiff to be as brief as possible.  The court understands that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.  For that reason, the court shall not supply additional factual allegations to round out a plaintiff's claims or construct a legal theory on a plaintiff's behalf.  See Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Arguments and analysis

Defendant argues that plaintiff has not pleaded facts which

4

present a prima facie case for race-based termination or termination in retaliation for protected activity. However, an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a Rule 12(b)(6) motion because the McDonnell Douglas framework is an evidentiary standard, not a pleading requirement. Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002). In Swierkiewicz, the Supreme Court explained that a prima facie case of discrimination "operates as a flexible evidentiary standard" and not a "rigid pleading standard." Id. at 512. Therefore, the plaintiff need not have "adequately alleged a prima facie case" or "circumstances that support an inference of discrimination" in order to survive a motion to dismiss. Id. at 510-11 and 515. In employment discrimination cases, plaintiffs "must satisfy only the simple requirements of Rule 8(a)." Id. at 513.

The decision in Swierkiewicz was not modified by Twombley, where the Court explained:

> This analysis does not run counter to Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S.Ct. 922, 152 L.Ed.2d 1, which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination." Here, the Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Twombley, 550 U.S. at 547. This was elucidated as well in Sprague v. Kasa Industrial Controls, Inc., 250 F.R.D. 630, 633 (D.Kan. 2008):

Twombley simply revises the general standard on deciding a motion to dismiss based on the notice pleading standard set forth in Rule 8(a). Therefore, the state of the law post-Twombley continues to provide that a prima facie case need not necessarily be alleged in employment discrimination cases, however, the Complaint must still provide "fair notice of the basis for [plaintiff's] claims," as that standard was further revised in Twombley. Even under Swierkiewicz, the Court found Rule 8(a) was satisfied because the Complaint made certain factual allegations that put the defendant on notice about what the plaintiff's claims were and on what grounds they rest. The Court finds no tension between these two decisions. . . .

Based on this authority, the court rejects defendant's attempt to apply the prima facie evidentiary standards to plaintiff's amended complaint. After reviewing the complaint, the court finds that while it is not thick with facts, the complaint alleges enough facts, as opposed to legal conclusions, to state a plausible claim of race-based termination and illegal retaliation.

Defendant also argues that plaintiff's hostile work environment should be dismissed because, according to defendant, plaintiff states only legal conclusions and provides no facts to support a conclusion that there was a hostile working environment. There are not a lot of facts alleged in the complaint. Again, the court notes that the form provided to plaintiff, as well as FED.R.CIV.P. 8(a), ask for short statements. Plaintiff does allege contrived disciplinary action, illegal surveillance, offensive and discriminatory comments, and a hostile environment which lasted for a year and a half. The court finds that these allegations are more detailed and material than the allegations in the case upon which

defendant relies.  See <u>Goddard v. Artisan Earthworks, LLC</u>, 2010 WL 3909834 (D.Kan. 10/1/2010).  The court believes they are sufficient to set forth a plausible claim for a hostile working environment.

<u>Conclusion</u>

For the above-stated reasons, defendant's motion to dismiss shall be denied.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge