IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VEDA RENEE SHOEMAKE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-2514-RDR |
| | ) |
| McCORMICK, SUMMERS & TALARICO II, LLC | ) |
| D/B/A MASSAGE ENVY DEER CREEK WOODS, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter comes before the Court upon Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's First Request for Production of Documents and to Answer First Interrogatories (ECF No. 37). Defendant has filed a response in opposition to the motion. Plaintiff did not file a reply, and the time to do so has passed. Therefore, the motion is now ripe, and the Court is prepared to rule. For the reasons explained below, Plaintiff's motion to compel is granted in part and denied in part.

**I.    Procedural Requirement to Confer**

Before considering the merits of Plaintiff's motion to compel, this Court must first determine whether Plaintiff has complied with the requirements of the Federal Rules of Civil Procedure and this district's local rules regarding the movant's duty to confer with opposing counsel prior to filing a motion to compel.

Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." "A 'reasonable effort

to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[1] To determine whether a party has satisfied the conference requirements, the Court "'looks beyond the sheer quantity of contacts. It examines their quality as well.'"[2] The purpose behind the conference requirements is to encourage parties to resolve discovery disputes without judicial involvement.[3]

Here, the parties have exchanged correspondence aimed at resolving the dispute. They also had a telephone conference to discuss Defendant's objections to Plaintiff's discovery requests. The Court finds that Plaintiff has satisfied the conference requirements embodied in Fed. R. Civ. P. 37(a)(1) and D. Kan. R. 37.2 and will consider the merits of Plaintiff's motion.

## II. Background

Plaintiff was employed by Defendant as a massage therapist for approximately two and a half years.[4] On or about February 12, 2010, Defendant terminated Plaintiff's employment. In her Second Amended Complaint, Plaintiff alleges Defendant terminated her employment because she is African American. She also asserts Defendant terminated her employment in retaliation for her having complained of racial discrimination and for having suffered and reported a workplace injury. Further, Plaintiff was purportedly subjected to a hostile work environment because Defendant

---

[1] D. Kan. R. 37.2.

[2] *P.S. v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 WL 3884312, at *2 (D. Kan. Aug. 19, 2008) (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999)).

[3] *Id*.

[4] Second Am. Compl. ¶ 10, ECF No. 35. In its Answer, Defendant admits this allegation.

discriminated against her and other African American massage therapists. Plaintiff asserts Defendant's conduct violated Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e, *et seq*.), 42 U.S.C. § 1981, and Kansas public policy.

On or about June 10, 2011, Plaintiff served her First Interrogatories and First Request for Production of Documents and Things (collectively, "Discovery Requests") upon Defendant. On or about July 18, 2011, Defendant served its objections to Plaintiff's Discovery Requests. In the instant motion, Plaintiff seeks an order overruling the objections lodged by Defendant and compelling a further response to Request for Production Nos. 4, 6–12, 14, 18, 23, and 24 and Interrogatory Nos. 2–14.[5]

**III.   Analysis**

　　A.   Moot Discovery Requests

Despite its objections, Defendant indicates it has produced all documents that are responsive to Request for Production Nos. 4, 6, 7, 11, 12, 14, 18, 23, and 24 or that no responsive documents exist. Generally, a response that a party has no additional responsive documents suggests judicial

---

[5] In her motion, Plaintiff specifically requests the Court overrule Defendant's objections to Request for Production Nos. 4, 6–12, 14, 18, 23, and 24. Prior to discussing the objections lodged in response to these requests, Plaintiff also states Defendant failed to produce documents responsive to Request for Production Nos. 2, 3, and 5. However, Plaintiff does not address Request Nos. 2, 3, and 5 in the portion of her motion in which she requests the Court overrule Defendant's objections. Defendant does not address Request Nos. 2, 3, and 5 in its response to the instant motion. Plaintiff did not file a reply indicating Request Nos. 2, 3, and 5 were at issue. Accordingly, the Court does not interpret Plaintiff's motion to be seeking an order compelling further responses to Request for Production Nos. 2, 3, and 5. *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. Mar. 30, 2005) (stating that the moving party on a motion to compel must draw the Court's attention to the relief the party seeks).

involvement is unnecessary.[6] Because the Court has no information to suggest Defendant has withheld any responsive documents, there is nothing for the Court to compel. Accordingly, the Court denies as moot Plaintiff's motion to compel further responses to Request for Production Nos. 4, 6, 7, 11, 12, 14, 18, 23, and 24.[7]

Defendant also indicates it has fully responded to Interrogatory Nos. 2, 5–6, 8, 9, and 11–13 notwithstanding its objections. Plaintiff requests the Court overrule Defendant's objections but does not contend that Defendant's responses to these interrogatories are incomplete or otherwise described to the Court how Defendant's responses are deficient. With the exception of Interrogatory No. 5, the Court finds Defendant has satisfactorily answered these interrogatories.[8] The Court denies as moot Plaintiff's motion to compel further responses to Interrogatory Nos. 2, 6, 8, 9 and 11-13.

Among other items, Interrogatory No. 5 requests Defendant to identify all documents relating to Defendant's reasons for terminating Plaintiff's employment. In its response, Defendant states only

---

[6] *See Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp.*, No. 08-1204-WEB, 2009 WL 950811, at *1 (D. Kan. Apr. 7, 2009).

[7] *See Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, No. 08-1101 JB/RLP, 2010 WL 965528, at *2 (D.N.M. Feb. 26, 2010) (declining to compel further production based upon defendants' representation that they had no responsive documents); *Thompson v. Rios*, No. 07-cv-00025-PAB-KLM, 2008 WL 5101030, at *1 (D. Colo. Nov. 26, 2008) (accepting that defendants had conducted requisite search of their files and produced responsive documents based upon defense counsel's representation, as an officer of the court, that his clients had no further responsive documents in their possession).

[8] Interrogatory Nos. 11–13 essentially seek the identity of individuals who might be potential witnesses in the case. Defendant has answered these interrogatories by referring Plaintiff to Defendant's Rule 26(a)(1) disclosures. Neither party has provided the Court with Defendant's Rule 26(a)(1) disclosures. As discussed above, Plaintiff has not specifically alleged the information provided by Defendant in response to these interrogatories is deficient. Without having Defendant's Rule 26(a)(1) disclosures, the Court cannot conclude Defendant's responses are deficient.

4

that the documents relating to Plaintiff's termination have been or will be produced without any further identifying information. The Court finds this response to be insufficient.⁹ It should be relatively straightforward for Defendant to specifically identify the documents relating to its proffered reason that Plaintiff's employment was terminated because of "performance/attitude related issues." Moreover, Defendant has not supported any objections to Interrogatory No. 5.

Accordingly, within fourteen (14) days of this Order, Defendant shall provide a supplemental response that specifically identifies the documents relating to Defendant's purported reasons for terminating Plaintiff's employment.

      B.      Boilerplate Objections

The remaining discovery requests at issue are Interrogatory Nos. 3–4, 7, 10 and 14 and Request for Production Nos. 8–10.

In its initial responses, Defendant asserts the same boiler-plate objections to each of these requests arguing they (1) are overly broad and vague, (2) are unduly burdensome, (3) call for a legal conclusion, (4) seek information that is confidential and proprietary; (5) seek information protected by attorney-client privilege and/or work product doctrine, and (6) seek information that is not reasonably calculated to lead to the discovery of admissible evidence. In response to the instant motion, Defendant generally indicates only that it asserted valid objections and does not specifically identify the particular objections it is continuing to assert. As a s result, the Court will address the merits of all of Defendant's objections. Except for the relevance and over breath objections, the

---

⁹ *See Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 504 (D. Kan. 2006) (compelling plaintiff to identify documents that supported a specific contention in her complaint and holding that plaintiff could not answer by generally referring defendant to the documents produced).

5

Court can rule upon these objections in a global fashion without regard to any of Plaintiff's specific Discovery Requests.

    1.    Unduly Burdensome

As the party asserting the objection, Defendant has "'the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.'"[10] Additionally, Defendant must show "'not only undue burden or expense, but that the burden or expense is unreasonable in light of the benefits to be secured from the discovery.'"[11] This imposes an obligation "'to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.'"[12] Any objections that discovery is unduly burdensome must contain a factual basis for the claim,[13] and the objecting party must usually provide an "affidavit or other evidentiary proof of the time or expense involved" in responding to the discovery request.[14]

Here, Defendant has not attached an affidavit or otherwise attempted to demonstrate how these Discovery Requests are unduly burdensome in terms of time, expense, or procedure, and its

---

[10] *G.D. v. Monarch Plastic Surgery*, No. 06-2184-CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[11] *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007) (quoting *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 380 (D. Kan. 2005)).

[12] *G.D.*, 2007 WL 201150, at *2 (quoting *Horizon Holdings, L.L.C.*, 209 F.R.D. at 213).

[13] *Barnes v. Akal Sec., Inc.*, No. 04-1350-WEB, 2005 WL 3359717, at *2 (D. Kan. Dec. 9, 2005).

[14] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004).

conclusory allegations are insufficient to establish undue burden.[15] Accordingly, the Court overrules Defendant's undue burden objection.

       2.       Legal Conclusion

The Court does not find Defendant's "legal conclusion" argument objection to have merit. In this District, the fact that a discovery request "calls for a legal conclusion" is not a recognized valid objection.[16] Moreover, Defendant has failed to demonstrate how any of these Discovery Requests call for a legal conclusion. The Court overrules this objection.

       3.       Confidential and Proprietary

Defendant also objects the requests seek information that is confidential and proprietary but fails to substantiate this objection. For example, the Court does not understand how Interrogatory No. 10, which seeks information about other lawsuits involving Defendant, would implicate concerns about confidentiality. Further, "'a concern for protecting confidentiality does not equate to privilege.'"[17] Instead, a party may request the Court enter a protective order pursuant to Fed. R. Civ. P. 26© as a means to protect any confidential information. Accordingly, the Court overrules Defendant's objection that the requests seek confidential or proprietary information.

       4.       Attorney-Client Privilege / Work Product Doctrine

In its response to the instant motion, Defendant indicates it did not withhold any documents

---

[15] *See id*. (overruling undue burden objection where party asserting objection provided no detailed explanation, affidavit, or other proof showing that responding to discovery request would cause undue burden).

[16] *Id*. at 648; *see also Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *3 (D. Kan. Nov. 22, 2010).

[17] *Jones v. Wet Seal Retail, Inc.*, 245 F.R.D. 724, 726 (D. Kan. 2007) (quoting *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 682 (D. Kan. 2004)).

7

under any claim of privilege. It is not clear to the Court whether Defendant considers the work product doctrine a "privilege." Thus, out of an abundance of caution, the Court will address the merits of Defendant's work product objection.

Defendant, as the party asserting objections based upon work product immunity and attorney-client privilege, bears the burden of establishing that either or both apply.[18] To carry that burden, Defendant must make a "clear showing" that the asserted objection applies.[19]

Fed. R. Civ. P. 26(b)(5) establishes the procedure a party must follow when objecting to discovery based upon a claim of privilege. Rule 26 provides that when a party withholds documents or other information based upon a privilege or work product immunity, the party must "(I) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[20] This is typically done in the form of a privilege log.[21]

Further, Defendant must provide sufficient information to enable the court to determine

---

[18] *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

[19] *McCoo*, 192 F.R.D. at 680.

[20] Fed. R. Civ. P. 26(b)(5).

[21] *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007). A privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document. *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *4 n.11 (D. Kan. Aug. 10, 2010). For example, a party might satisfy Rule 26(b)(5)(A)(ii) by describing a particular communication in such narrative detail that a formal privilege log is unnecessary. *Id*.

8

whether *each element* of the asserted objection is satisfied.[22] This burden cannot be discharged by mere conclusory assertions or blanket claims of privilege.[23] Moreover, the objecting party has the burden to establish the existence of the privilege or immunity prior to the time the court is asked to determine its sufficiency and applicability.[24] "'The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.'"[25] If a party fails to make the required showing under Fed. R. Civ. P. 26(b)(5)(A) by not producing a privilege log or by producing an inadequate one, courts may deem the privilege waived.[26]

Defendant has failed to make an adequate showing to establish the applicability of the attorney-client privilege or work product doctrine. There is no privilege log whatsoever or other attempt by Defendant to provide sufficient information to enable Plaintiff and the Court to determine whether each element of the asserted objection is justified. Accordingly, the Court overrules Defendant's objection that the Discovery Requests seek information protected by the attorney-client privilege and/or work product doctrine.

---

[22] *McCoo*, 192 F.R.D. at 680 (citing *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)).

[23] *See id.*; *Am. Cas. Co. of Reading, Pa. v. Healthcare Indem., Inc.*, No. 00-2301-DJW, 2001 WL 1718275, at *2 (D. Kan. May 21, 2001).

[24] *Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.*, 160 F.R.D. 605, 608 (D. Kan. 1995).

[25] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 669 (D. Kan. 2004) (quoting *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541 (10th Cir. 1984)).

[26] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005) (citing *Employer's Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003)); *Haid v. Wal-Mart Stores, Inc.*, No. 99-4186-RDR, 2001 WL 964102, at *1 (D. Kan. June 25, 2001); *In re the TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 07-1853-KHV, 2008 WL 2437558, at *4 (D. Kan. June 12, 2008).

The Court will now address Defendant's over breadth and relevance objections in the context of the specific, remaining Discovery Requests at issue.

C.     Specific Discovery Requests

1.     Interrogatory No. 3

Interrogatory No. 3 seeks the names of each person hired by Defendant between August, 2007 and the present, stating for each person their race, date of hire, positions held, and current employment status. Defendant objects that the interrogatory seeks irrelevant information and is overly broad.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."[27] Relevant information need not be admissible at trial so long as it is reasonably calculated to lead to the discovery of admissible evidence.[28] Relevance is broadly construed at the discovery stage of litigation, and a "request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[29] Therefore, discovery should ordinarily be allowed "'unless it is clear that the information sought can have no possible bearing'" on a claim or defense of a party.[30]

There is no presumption in the Federal Rules of Civil Procedure that a discovery request is

---

[27] Fed. R. Civ. P. 26(b)(1).

[28] *Id.*

[29] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)).

[30] *Id*.

relevant.[31] The proponent of a discovery request must, in the first instance, show the relevance of the requested information to the claims or defenses in the case.[32] In many instances, relevance is apparent on the face of the request because relevance is liberally construed in discovery.[33] When relevancy is not readily apparent, the proponent has the burden of showing the relevancy of the discovery request.[34]

If the requesting party meets its initial burden of demonstrating relevance, the burden shifts to the party resisting discovery to establish lack of relevance by demonstrating that the requested discovery either (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[35]

One of the key issues in a discrimination or retaliation case is the motive or intent of the employer with respect to its treatment of the individual at issue.[36] Evidence of prior acts of discrimination could be relevant to establishing Defendant's motive or intent.[37] Here, the Court finds

---

[31] *Thompson v. Jiffy Lube Intern., Inc.*, No. 05-1203-WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007).

[32] *Id*.

[33] *Id.*

[34] *Id.*; *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 309 (D. Kan. 1996).

[35] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[36] *See, e.g.*, *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1298 (10th Cir. 1998).

[37] *See Plotke v. White*, 405 F.3d 1092, 1106–07 (10th Cir. 2005) (stating that plaintiffs "are not precluded from introducing 'quite probative evidence of earlier acts of discrimination to support a claim of current discriminatory intent,' even if prior events are beyond the limitations period.") (quoting *Goodwin v. General Motors Corp.*, 275 F.3d 1005, 1012–13 (10th Cir. 2002)); *White v. Honeywell, Inc.*, 141 F.3d 1260, 1276 (8th Cir. 1998) (holding that evidence of prior

the request to be facially relevant.  This information might help Plaintiff identify other African American employees of whom Plaintiff could inquire about their treatment by Defendant.[38]  It could assist Plaintiff in locating witnesses to the alleged discrimination.  The Court overrules Defendant's relevance objection.

The Court now turns to Defendant's over breadth objection.  Unless a request is overly broad on its face, the party resisting discovery has the burden to support its over breadth objection.[39]  A request may be overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[40]  A request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[41]  However, when the omnibus phrase modifies a sufficiently specific type of information or documents, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.[42]

---

acts of discrimination is relevant to an employer's motive in Title VII employment discrimination case).

[38] *See Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1314–15 (10th Cir. 2006) (internal quotation omitted) (In general, "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent.").

[39] *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661 (D. Kan. 2004).

[40] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) (internal quotations omitted).

[41] *Id*.

[42] *Id*.

The Court does not find Interrogatory No. 3 to be overly broad, and Defendant offers no explanation for its objection. Accordingly, the Court overrules Defendant's over breadth objection. Within fourteen (14) days of this Order, Defendant shall provide a supplemental response to Interrogatory No. 3.

        2.       Interrogatory No. 4

Interrogatory No. 4 states:

> Identify all persons who held the position of Massage Therapist and/or Sales during the time period August, 2007 to present, or who performed duties substantially similar to those performed by Plaintiff regardless of actual job title, and for each such person, please:
>
> a.    state their dates of employment with MST, II, LLC and their d/b/a Massage Envy DeerCreek Woods, including their age at the time of hire;
>
> b.    state their job title and describe their job duties;
>
> c.    state their rate of pay and method of pay;
>
> d.    describe their employment history and experiences prior to their accepting the said job title or performing the said job duties;
>
> e.    if terminated, please state whether their termination was voluntary or involuntary, and give the reasons for the termination;
>
> f.    identify all documents relating to the subject matter mentioned in subparts a. through f. of this Interrogatory.

Similar to Interrogatory No. 3, the Court finds at least some portions of Interrogatory No. 4 to be facially relevant in identifying potential witnesses. Specifically, the Court finds relevant the portion of Interrogatory No. 4 that seeks the identity of "all persons who held the position of Massage Therapist and/or Sales during the time period August, 2007 to present, or who performed

13

duties substantially similar to those performed by Plaintiff . . ." and subpart a.,[43] b., and e.

However, the Court does not find subpart c. and d. to be facially relevant to Plaintiff's claims. In her Second Amended Complaint, Plaintiff does not allege a disparate pay claim, and Plaintiff offers no explanation why the salary information of other employees is relevant to the claims at issue in this case. Plaintiff also offers no explanation why the employment histories of other employees are relevant to her claims.

As discussed above, a request may be overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[44] A request seeking documents "pertaining to" or "concerning" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."[45] Applying these principles, the Court finds subpart f. to be facially over broad. For example, it would be exceptionally difficult for Defendant to identify all documents that relate to an employee's date of employment, job title, or job duties.

Within fourteen (14) days of this Order, Defendant shall provide a supplemental response to Interrogatory No. 4, including subpart a., b., and e., as described above.

       3.      Interrogatory No. 7

---

[43] However, the age of the employees requested in subpart a does not appear to be relevant to Plaintiff's claims of racial discrimination, and Plaintiff offers no explanation. Accordingly, Defendant does not need to provide this information.

[44] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) (internal quotations omitted).

[45] *Id.*

Interrogatory No. 7 states:

> Please describe with specificity each and every fact upon which you base the Affirmative Defenses set forth in your Answer to the Amended Complaint and please:
>
> a. describe with as much detail as you are able to provide, all "reasonable factors other than race" upon which you based Plaintiff's termination;
>
> b. identify all documents that support Plaintiff's termination based on "reasonable factors other than race,"
>
> c. identify all oral conversations between Plaintiff and MST, II, LLC and/or D/B/A Massage Envy DeerCreek Woods that relate to Plaintiff's termination based on "reasonable factors other than race."

In its response to the instant motion, Defendant argues only that the request is moot because Plaintiff has now filed a Second Amended Complaint. However, Defendant asserts the same affirmative defenses in its Answer to Plaintiff's Second Amended Complaint as in its Answer to Plaintiff's Amended Complaint. Thus, the Court does not believe the request is moot and will require Defendant to answer Interrogatory No. 7 as to the affirmative defenses raised in its Answer to Plaintiff's Second Amended Complaint.

Interrogatory No. 7 is facially over broad, however, in seeking "each and every fact" upon which Defendant bases its affirmative defenses.[46] Accordingly, the Court will limit Interrogatory No. 7 to only the material or principal facts. The Court will also limit subpart a. by requiring Defendant to provide only a *summary* of the "reasonable factors other than race" upon which

---

[46] *See Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) (holding that interrogatories were overly broad and unduly burdensome because they sought "each and every fact" supporting plaintiff's allegations, rather than seeking only the principal or material facts).

15

Defendant based its termination of Plaintiff's employment.[47]

Accordingly, within fourteen (14) days of this Order, Defendant shall provide a supplemental response to Interrogatory No. 7, including subparts a., b., and c., as narrowed by this Order.

    4.    Interrogatory No. 10

Interrogatory No. 10 states:

> State whether or not Defendant has been a party, as either Plaintiff or Defendant, in any civil, criminal action or governmental or administrative investigation, worker's compensation and/or work related injury complaint[s]. If so, please identify the style and the case number of the case, including the court in which it is or was filed, and identify the attorney representing you in the case.

"Discovery of other lawsuits is not a subject that is amenable to a *per se* rule. The Court must look to the relevance of the other suits to the particular claims at issue."[48] The Court finds at least some portions of Interrogatory No. 10 to be relevant because the requested information might reveal other instances of alleged discriminatory conduct by Defendant.[49]

---

[47] *Id*. (stating that interrogatories should not seek a narrative of the opposing party's case).

[48] *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-CV-00018, 2006 WL 3499986, at *2 (N.D. Ohio Dec. 5, 2006); *see also Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977) (explaining that "whether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties").

[49] *See Mickelson v. N.Y. Life Ins. Co*., 460 F.3d 1304, 1314–15 (10th Cir. 2006) (internal quotation omitted) (In general, "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent."); *Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/RLP, 2010 WL 552661, at *13 (D.N.M. Feb. 8, 2010) (permitting discovery of other complaints alleging discrimination); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 527 (D. Nev. 1997) (stating that discovery of prior complaints of discrimination is permitted in order to prove that the reasons articulated for an adverse employment action are pretextual); *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (permitting discovery of other complaints and civil cases alleging discrimination because "[e]vidence of general patterns of discrimination by an employer is clearly relevant in an

Defendant based its termination of Plaintiff's employment.[47]

Accordingly, within fourteen (14) days of this Order, Defendant shall provide a supplemental response to Interrogatory No. 7, including subparts a., b., and c., as narrowed by this Order.

    4.    Interrogatory No. 10

Interrogatory No. 10 states:

> State whether or not Defendant has been a party, as either Plaintiff or Defendant, in any civil, criminal action or governmental or administrative investigation, worker's compensation and/or work related injury complaint[s]. If so, please identify the style and the case number of the case, including the court in which it is or was filed, and identify the attorney representing you in the case.

"Discovery of other lawsuits is not a subject that is amenable to a *per se* rule. The Court must look to the relevance of the other suits to the particular claims at issue."[48] The Court finds at least some portions of Interrogatory No. 10 to be relevant because the requested information might reveal other instances of alleged discriminatory conduct by Defendant.[49]

---

[47] *Id*. (stating that interrogatories should not seek a narrative of the opposing party's case).

[48] *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-CV-00018, 2006 WL 3499986, at *2 (N.D. Ohio Dec. 5, 2006); *see also Payne v. Howard*, 75 F.R.D. 465, 469 (D.D.C. 1977) (explaining that "whether pleadings in one suit are 'reasonably calculated' to lead to admissible evidence in another suit . . . depends on the nature of the claims, the time when the critical events in each case took place, and the precise involvement of the parties").

[49] *See Mickelson v. N.Y. Life Ins. Co*., 460 F.3d 1304, 1314–15 (10th Cir. 2006) (internal quotation omitted) (In general, "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent."); *Walker v. THI of N.M. at Hobbs Ctr.*, No. CIV 09-0060 JB/RLP, 2010 WL 552661, at *13 (D.N.M. Feb. 8, 2010) (permitting discovery of other complaints alleging discrimination); *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 527 (D. Nev. 1997) (stating that discovery of prior complaints of discrimination is permitted in order to prove that the reasons articulated for an adverse employment action are pretextual); *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (permitting discovery of other complaints and civil cases alleging discrimination because "[e]vidence of general patterns of discrimination by an employer is clearly relevant in an

The Court finds the request to be overly broad, however, in requesting Defendant to identify *all* litigation in which it has been involved. The interrogatory, as phrased, is broad enough to include a breach of contract case, wholly unrelated to the claims alleged by Plaintiff in this case.

A party has a duty to answer an overly broad interrogatory to the extent it is not objectionable.[50] Accordingly, the Court limits Interrogatory No. 10 to civil actions, criminal actions, governmental or administrative investigations, worker's compensation and/or work related injury complaints involving allegations that Defendant (1) racially discriminated against employees in violation of Title VII and/or 42 U.S.C. § 1981; (2) retaliated against employees in violation of Title VII and/or 42 U.S.C. § 1981; and/or (3) retaliated against employees for incurring and reporting a work-related injury. Within fourteen (14) days of this Order, Defendant shall provide a supplemental response to Interrogatory No. 10 as narrowed by this Order.

     5.     Interrogatory No. 14

Interrogatory No. 14 seeks information regarding Defendant's net worth. Defendant's financial condition is relevant to Plaintiff's claim for punitive damages.[51] However, in this District, Plaintiff must demonstrate her claim for punitive damages is not spurious before she is entitled to

---

individual disparate treatment case"); *Northern v. City of Philadelphia*, No. CIV. A. 98-6517, 2000 WL 355526, at *5 (E.D. Pa. Apr. 4, 2000) ("Evidence of acts of harassment of other employees is relevant to whether or not a hostile or discriminatory environment existed and evidence of other complaints are relevant to whether or not the employer knew or should have known that harassment or discrimination was occurring.").

[50] *Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 502 (D. Kan. 2006).

[51] *Learjet Inc. v. MPC Prods. Corp.*, No. 05-1074-MLB-DWB, 2007 WL 2287836, at *2–4 (D. Kan. Aug. 8, 2007).

discovery of defendant's financial condition.[52]  In *McCloud v. Board of Geary County Commissioners*, Magistrate Judge Bostwick allowed plaintiffs to discover information about defendant's financial condition because plaintiffs' complaint contained factual allegations supporting a claim for punitive damages.[53]  Further, plaintiffs included three pages of additional facts supporting their claim in a supporting memorandum.[54]

Here, Plaintiff's Second Amended Complaint contains few facts describing the alleged discrimination.  Based upon the information presented to it, the Court cannot determine whether Plaintiff's claim for punitive damages is spurious.  Accordingly, the Court will deny Plaintiff's motion to compel as to Interrogatory No. 14 *at this time*.

Plaintiff may be entitled to discover information about Defendant's financial condition at some point in future, i.e., if her claims survive summary judgment.[55]  At that point, Plaintiff may renew her request for information as to Defendant's financial condition.  There is no harm or prejudice to Plaintiff in delaying discovery on this issue because Defendant's financial condition has no bearing on Plaintiff's ability to prove the merits of her underlying claims.

---

[52] *McCloud v. Bd. of Geary Cnty. Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *3 (D. Kan. Apr. 11, 2008) (citing *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990)); *Allen v. Garden City Co-op, Inc.*, No. 07-1131-MLB, 2009 WL 722024, at *2 (D. Kan. Mar. 18, 2009).

[53] *McCloud*, 2008 WL 1743444, at *3.

[54] *Id.*

[55] *See Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *13–14 (D. Kan. Mar. 26, 2007) (even though the court determined plaintiff's claim for punitive damages was not spurious, the court stayed production of any financial information until after any dispositive motions were ruled upon or the time for filing dispositive motions had expired).

   6. Request for Production No. 8

Request for Production No. 8 seeks "any and all documents or data containing, discussing, referring to, or in any way regarding Defendant's investigation of complaints, claims, reports, and/or lawsuits alleging discrimination and/or relation at any time between August, 2007 and the present."

For the same reasons discussed with respect to Interrogatory No. 10, the Court finds the request to be facially relevant. Defendant does not explain the basis for its objection. Accordingly, the Court overrules Defendant's relevance objection.

The Court finds the request to be facially over broad, however, because it encompasses any type of discrimination and/or retaliation. Request No. 8, as drafted, is broad enough to include information about complaints of gender or age discrimination, which do not appear to be relevant to the issues in this case. The Court limits Request for Production No. 8 to allegations of racial discrimination and retaliation and retaliation against employees who incurred and reported a work-related injury.

Accordingly, within fourteen (14) days of this Order, Defendant shall provide a supplemental response to Request for Production No. 8 as narrowed by this Order.

   7. Request for Production Nos. 9–10

Request for Production Nos. 9 and 10 seek all EEOC reports, including EEO-1 reports submitted by Defendant, and all documents used to prepare the EEOC reports. The Court does not know what EEOC reports, if any, Defendant is required to file or the contents of those reports, and Plaintiff offers no explanation. Without knowing what information is included in the EEOC reports, the Court cannot find that Request Nos. 9 and 10 are facially relevant.

The Court is aware that EEO-1 forms contain statistics about the racial composition of a

19

company's employees as grouped into certain job categories.  Plaintiff has not alleged a failure to promote or hire claim.  The Court does not understand how statistical information about the racial composition of Defendant's employees would be probative of any issues in this case, and Plaintiff has not offered any explanation.  Accordingly, the Court sustains Defendant's relevance objection as to Request for Production Nos. 9–10.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's First Request for Production of Documents and to Answer First Interrogatories (ECF No. 37) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that within fourteen (14) days of this Order, Defendant shall provide answers to Interrogatory Nos. 3, 4, 5, 7, and 10 and produce those documents responsive to Request for Production No. 8 as described in this Order.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2011, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
